[Civ. No. 9317.   First Appellate District, Division Two.—February 20, 1934.]

HARRY D. TROUNCE et al., Appellants, v. THE WHIT-
TIER SAVINGS BANK (a Corporation) et al., De-
fendants; A. C. MAPLE et al., Respondents.

Edward T. Lannon for Appellants.

Harold Richardson and Harry F. Sewell for Respondents.

STURTEVANT, J.—This is an appeal from an order made in proceedings purporting to be supplemental to execution. Assuming merely for the purpose of this opinion that the record is sufficient, the facts material to this appeal, which are recited in the transcript, include the following. In the above-entitled action a judgment was rendered by default in favor of the plaintiffs and against the defendant corporation on July 16, 1928, for $2,700 and costs. Two different writs of execution were issued, but both were returned unsatisfied. The trial court was not asked for and it did not, so far as the record shows, make any order that any person appear and answer regarding any property held by him. (Code Civ. Proc., sec. 717.) In some manner a purported deposition of A. C. Maple was taken before a notary on January 20, 1931. Thereafter on March 14, 1931, the plaintiffs served on said A. C. Maple and H. L. Perry a notice and an affidavit. The notice recited that on March 26, 1931, the plaintiffs would apply to the court for an order directing A. C. Maple to deliver to the sheriff twenty-nine and a half shares of stock in the First National Trust and Savings Bank of Whittier, or $14,012.50 in cash, and directing H. L. Perry in like manner to deliver five shares or $2,375. In the affidavit there are statements of these additional facts. Heretofore The Whittier Savings Bank was merged into the First National Trust and Savings Bank and the stockholders of the former received shares in the latter. A. C. Maple so received twenty-nine and a half shares and H. L. Perry received five shares. The corporation commissioner of California did not authorize said transfer. The said individuals sold their stock to Merchants National Bank of Los Angeles for $475 per share. Another

affidavit was filed from which it appears that The Whittier Savings Bank has never been dissolved and no agreement of merger, between The Whittier Savings Bank and First National Bank of Whittier, is on file in the office of the county clerk. On June 19, 1931, the court made an order denying the motion for an order requiring the delivery of the stock or money to the sheriff to apply on the judgment.

In the purported deposition of A. C. Maple it is recited that The Whittier Savings Bank was merged into the First National Trust and Savings Bank and that the latter received the assets of the former. It is also recited that by the merger the shareholders of the former received for their shares an equal number of shares in the latter. The record shows that A. C. Maple and H. L. Perry so received the said shares of stock as the owners thereof and it does not show that either of said persons holds any property of The Whittier Savings Bank. Assuming that the order appealed from was made under section 719, Code of Civil Procedure, it was clearly correct.

We have noted in the plaintiffs' briefs that it is their contention that the merger of The Whittier Savings Bank into the First National Trust and Savings Bank was illegal. It was or it was not. If it was legal the plaintiffs showed no interest in or claim to the stock, or the proceeds thereof, issued to A. C. Maple and H. L. Perry. Assuming that the merger was illegal then it follows that the plaintiffs have proved themselves out of court. Whatever may be their rights to pursue the assets of The Whittier Savings Bank their rights do not, in the absence of additional facts, extend to shares of stock in the First National Trust and Savings Bank.

In what we have said we have considered the appeal on its merits. However, the respondents, A. C. Maple and H. L. Perry, contend that the trial court by its order merely declined to exceed its jurisdiction. The plaintiffs reply that it was presenting proceedings supplemental to execution. To that reply the respondents answer that proceedings supplemental to execution are entirely statutory (11 Cal. Jur. 148) and that the plaintiffs did not in any respect comply with the statute. We think that the record before us sustains the answer of the respondents. Having

obtained their judgment the plaintiffs were entitled to maintain proceedings supplemental to execution. (Code Civ. Proc., secs. 717 et seq.) To do so they were bound to present an affidavit or other proof to the judge of the trial court showing that respondents had property of the defendant corporation and apply for an order requiring respondents to appear before the judge of the court or a referee appointed by him and answer concerning such property. (Code Civ. Proc., sec. 717.) The record does not show that such affidavit or proof was made nor that the order was made. The plaintiffs did serve the affidavit of Mr. Lannon and ask for an order requiring the respondents to turn over the shares of stock. The statute does not provide for such a motion. If the application for an examination had been directed to a referee and the referee had made a delivery order and the respondents had refused to obey it the remedy was as for contempt. (Code Civ. Proc., sec. 721.) If the plaintiffs had made their application for an order of examination and the same had been conducted before the judge he would have made an order either dismissing the proceeding or directing the delivery. In neither event would there be any necessity for the motion which was made by these plaintiffs. ■ When the motion came on for hearing according to the record before us the deposition above mentioned was offered in evidence. As the motion was denied, in support of the order we must assume that the judge declined to consider the deposition. If so, his ruling was entirely correct. On its face the deposition appears to be purely *ex parte,* in other words, a document not authorized by any statute. Again, the record before us shows that the affidavit of Mr. Lannon was used in support of the motion. For the reason that the deposition was not admissible it follows that the affidavit was not admissible. The statute provides for an examination before the judge or a referee and not for affidavits.

The order is affirmed.

Nourse, P. J., and Spence, J., concurred.